UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**MICHAEL BRANDON HENSON**                                                        **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 4:16-CV-P169-JHM**

**DAVIESS CO. DET. CTR. MED. STAFF**                                              **DEFENDANT**

### MEMORANDUM OPINION

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Michael Brandon Henson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against the "Daviess County Detention Center Medical Department." In his complaint, Plaintiff writes as follows:

> I got my tooth pulled on 12-16-16 the dentist prescribe me 500 mg tylenol twice a day. At 6:30 p.m. on 12-16-16 I received one pill. On 12-17-16 when meds came around the medical department wouldn't give me anything. They left me in pain and they don't care. On 12-17-16 and 12-18-16 I received not one pill for my pain. On the 19th, when the head nurse was in, was when my medicine got on track. The nurse that denied me my medicine is Laura. When I ask her her last name, she told me not to worry about it. All I need to know is her first name. This isn't my first issue with medical. I'm tired of how they do me. They don't want to treat me here that's why I'm pushing the issue. Just get me ship from here or get my parole restated or get me early release I'll be happy. Just getting ship will make me happy.

In the relief section of the complaint, Plaintiff states: "Get me ship from here or get me out on parole."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The relief Plaintiff seeks in his complaint is transfer to another facility, "early release," or release on parole. However, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution. *Montanye v. Haymes*, 427 U.S. 236 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Indeed, a federal court only has the authority to order a State to transfer a prisoner in the rare and extreme situations where an inmate's life is in imminent or grave danger. For example, in *Streeter v. Hopper*, the Fifth Circuit held that a district court could order the transfer of two inmates who had presented evidence that their lives were in grave danger and that their present state facility was unable to adequately guarantee their safety. 618 F.2d 1178, 1182 (5th Cir. 1980). Similarly, in *Walker v. Lockhart*, the Eighth Circuit held that a district court could order that an inmate be transferred to another institution where the inmate, who had murdered a police officer, presented evidence that the warden at his current facility had threatened his life. 713 F.2d 1378, 1383 (8th Cir. 1983); *see also Moore v. Schuetzle*, 486 F. Supp. 2d 969, 981 (D.N.D. 2007) ("The administration of prisons, including particularly state prisons, is generally not within the province of the court, [except] in rare and extreme cases . . ."). The Court finds that Plaintiff's allegations do not suggest such a rare and extreme situation at Daviess County Detention Center that this Court would order a transfer.

In addition, release from incarceration and placement on parole are types of relief that can only be sought through a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Thus, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Wheeler v. Melanson*, No. 15-2419 SECTION P, 2016 U.S. Dist. LEXIS 67976 (W.D. La. Mar. 14, 2016) (dismissing prisoner § 1983 conditions-of-confinement action on initial review for failure to state a claim upon relief could be granted because the relief inmate sought was transfer to another institution).

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: March 3, 2017

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Daviess County Attorney
4414.011